**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PRINCE PILGRIM,**

               **Plaintiff,**             **9:11-CV-1331**
       **v.**                               **(GLS/DEP)**

**TED MESKUNAS, JOHN DOE,** and **MR. DROWN,**

               **Defendants.**
_____

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Prince Pilgrim
Pro Se
92-A-8847
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

**Gary L. Sharpe**
**Chief Judge**

## DECISION AND ORDER

### I. Introduction

The Clerk has sent to the court for review a *pro se* complaint and *in forma pauperis* application filed by plaintiff Prince Pilgrim, an inmate in custody of the New York State Department of Corrections and Community Supervision (DOCCS), currently incarcerated at Orleans Correctional Facility. (*See* Dkt. Nos. 1, 2.) Pilgrim has not paid the statutory filing fee.

### II. Initial Screening

Upon review of Pilgrim's *in forma pauperis* application (*see* Dkt. No. 2), the court finds that he has demonstrated sufficient economic need and may properly commence this action without prepayment of the filing fee.

Having found that Pilgrim meets the financial criteria for commencing this case *in forma pauperis*, the court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under section 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) & (b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that section 1915A applies to all actions brought by prisoners against government officials even when the plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading that states a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of this Rule 'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer[,] . . . prepare an adequate defense,'" and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

In reviewing a *pro se* complaint, the court has a duty to show liberality

3

toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted).  Thus, a pleading that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation

4

omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### III. **Review of the Complaint**

The facts are alleged as set forth by Pilgrim in his complaint. On November 3, 2008, after reading a memorandum issued by defendant Meskunas dated April 20, 2007, Pilgrim learned that inmates were required to pay the New York State excise tax when purchasing cigarettes at the commissary. (*See* Dkt. No. 1 at 8.) On that same day, Pilgrim filed a grievance complaining that the collection of the tax violated the New York State Constitution, the United States Constitution, and "especially the American democratic history of the Boston Tea Party Revolution which coined the phrase, 'No Taxation Without Representation.'" (*Id.*) On December 6, 2008, Pilgrim's grievance was denied as being without merit, and Pilgrim was advised that pursuant to DOCCS's "Directive #3071—Tax on Tobacco in Commissary Sales, "'All tobacco products obtained for resale purposes in the Commissary are subjected to all appropriate Federal and State tobacco taxes.'" (*Id.*) Pilgrim claims, however, that DOCCS's Directive 3071 "also clearly acknowledges" that DOCCS and its facilities are not responsible for collection or payment of these

taxes and should not accept such responsibility.[2] (*Id.*) Pilgrim expressed his disagreement with the result of the grievance, "and acknowledged that the activity of taxing Plaintiff, or any inmate is illegal, thus criminal." (*Id.*)

In December 2008, Pilgrim was Chairman of the Inmate Liaison Committee (ILC) at Clinton Correctional Facility. (*See id.* at 9.) On December 12, 2008, while he was leaving an ILC meeting, Pilgrim's ILC folder was searched. (*See id.*) On December 18, 2008, Pilgrim was advised that "he was on a 'cell-move' from Clinton-Main to Clinton Annex." (*Id.*) Pilgrim asked to see a Sergeant about the move, claiming that "because [he] was the ILC Chairman, and pursuant to ILC Directive # 4002, [he] was mandated to serve a term of 6 (six) months." (*Id.*) No Sergeant ever responded to Pilgrim's request. (See *id.*) Despite Pilgrim's belief that he was required to complete his six month term as the ILC Chairman, Pilgrim asserts that "Defendant John Doe, either in Correctional Facility at Clinton, or in Albany DOC[C]S Headquarters, put [Pilgrim] in for an unauthorized retaliatory transfer" because defendant John Doe knew that, as ILC Chairman, Pilgrim would raise before the ILC the issue

---

[2] The relevant portion of DOCCS' Directive 3071 reads as follows: "All tobacco products obtained for resale purposes in the Commissary are subject to all appropriate Federal and State tobacco taxes. The Department and individual facilities, however, are not responsible for collection or payment of these taxes and should not accept such responsibility. To ensure that all Federal, State, County and City taxes are applied to tobacco products, facilities must receive all tobacco bids directly from a tobacco distributor. It is the tobacco distributors' responsibility to apply all appropriate taxes on cigarettes and tobacco products when bidding and invoicing the facility. A facility shall not accept a tobacco bid directly from a tobacco manufacturer without the proper tax included on the bid price."

6

concerning "the illegal-Taxing of inmates." (*Id.*)

On December 19, 2009, Pilgrim received a Misbehavior Report charging him with refusing a transfer, which charge "was never supported by any documentary facts." (*Id.*) Defendant Drown presided over Pilgrim's subsequent disciplinary proceeding, and denied Pilgrim due process in the course of the proceeding. (*See id.* at 10-12.) As a result of the hearing, Pilgrim was found guilty of the charge lodged against him and sentenced to five months of disciplinary confinement. (*See id.* at 12.)

Construed liberally, Pilgrim claims that: (1) defendant Meskunas violated Pilgrim's rights under the Fifth and Fourteenth Amendments to the United States Constitution "when he promoted taking taxes" without due process; (2) defendant John Doe violated Pilgrim's First Amendment rights by subjecting him to a retaliatory transfer and denying his right to freedom of speech;[3] and (3) defendant Drown denied Pilgrim due process at a disciplinary hearing in violation of the Fourteenth Amendment. (*See id.* at 12-14.) Pilgrim seeks monetary damages, as well as declaratory and injunctive relief. (*See id.* at 13-14.)

---

[3] Pilgrim appears to claim that, because he was transferred out of Clinton Correctional Facility to the Clinton Annex, he lost his position of ILC Chairman, which prevented him from bringing the cigarette tax issue to the ILC at Clinton Correctional Facility. (*See* Dkt. No. 1 at 12.) Pilgrim claims that defendant John Doe transferred Pilgrim "as an attempt to quiet [him] from exposing [a] potential RICO violation." (*Id.*)

### A. Pilgrims's Claims Against Defendant Meskunas

Pilgrim brought this action under 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990).

Construed liberally, Pilgrim alleges that defendant Meskunas set a policy requiring inmates to pay the New York State excise tax when purchasing cigarettes from the Clinton Correctional Facility commissary despite the fact that the prison commissary is not authorized to collect state sales tax on inmate cigarette purchases.[4] (*See* Dkt. No. 1 at 8.) Pilgrim claims that Meskunas's policy violated both the New York State and United States Constitutions, as well as DOCCS' own regulations. (*See id.*) Here, even accepting Pilgrim's allegations against defendant Meskunas as true, Pilgrim has not alleged any facts to plausibly suggest that any federal law or federal constitutional right was violated as a result of the policy. *See, e.g.*, *Vega v. Rell*, No. 3:09-cv-737, 2011

---

[4] While Pilgrim does not challenge the collection of federal taxes on cigarettes, or name the United States as a defendant, the assertion of such a claim would be futile. Relief may not be awarded against the United States unless it has waived its sovereign immunity. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 259-60 (1999). The waiver must be expressed in unequivocal statutory text and cannot be implied. *See id.* at 259. "In the context of tax assessments and collections the United States government's sovereign immunity has been codified by the Anti-Injunction Act, I.R.C. § 7421(a) (1988), which states: 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.'" *Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995).

8

WL 2471295, at *25-*26 (D. Conn. June 21, 2011) (finding that an allegation that prison commissary collected state sales tax on commissary purchases fails to state a claim for violation of federal rights under section 1983).  Indeed, courts have repeatedly held that inmates have no constitutional right to purchase items from the prison commissary,[5] let alone a constitutionally protected interest to make such purchases tax free.  *See Verrette v. Randolph*, No. 08-cv-1200, 2009 WL 103715, at *9 (E.D. La. Jan. 14, 2009) ("[T]he collection of sales taxes [by the prison commissary] simply does not violate [an inmate's] rights."); *Richard v. Cupp*, No. 08-1544, 2009 WL 840218, at *5 (W.D. La. Mar. 25, 2009) (dismissing as frivolous a section 1983 challenge to collection of sales tax on inmate commissary purchases); *Dewhart v. City of Montgomery*, No. 2:08-cv-0111, 2008 WL 900911, at *1 (M.D. Ala. Mar. 31, 2008) (dismissing, as "patently absurd," an inmate's claim that he should be entitled to purchase commissary items tax free); *Tolbert v. City of Montgomery*, No. 2:08-cv-108, 2008 WL 819067, at * 1 (M.D. Ala. Mar. 25, 2008) (same); *Poole v. Stubblefield*, No. 4:05-CV-1005, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005) (finding that

---

[5] *See Mitchell v. City of New York*, No. 10 Civ. 4121, 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011) (dismissing inmate Section 1983 claims regarding prison commissary pricing and selection); *Davis v. Shaw*, No. 08 Civ. 364, 2009 WL 1490609, at *1 (S.D.N.Y. May 20, 2009) (any claims regarding prison commissary do not rise to level of constitutional violation because inmates have no constitutional right to use prison commissary); *Torres v. Droun*, No. 01 Civ. 1844, 2004 WL 721729, at *7 (D.Conn. Mar. 30, 2004) (inmates have no constitutional right to purchase items from prison commissary or outside vendor).

9

an inmate's claim that he should not be charged taxes on commissary purchases is not cognizable under section 1983 and is also "legally frivolous" because an inmate "has no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free").

To the extent that Pilgrim is arguing that *state law or state prison regulations* prohibit charging state sales tax on cigarette purchases made at the prison commissary, his claim is not cognizable under section 1983 because federal court is not the appropriate forum to raise violations of prison regulations or state law. *See Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) (stating that the failure to follow a DOCCS Directive or prison regulation does not give rise to a federal constitutional claim); *see also Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983."); *Fluent v. Salamanca Indian Lease Auth.*, 847 F.Supp. 1046, 1056 (W.D.N.Y. 1994) (explaining that section 1983 imposes liability for violations of rights protected by the Constitution and laws of the United States, not for violations arising solely out of state or common-law principles). Thus, to the extent Pilgrim relies on the purported violation of state law or a New York State DOCCS Directive as support for his claim regarding the

state tax on cigarette purchases at the prison commissary, he has failed to state a claim under section 1983.

In light of the foregoing, defendant Meskunas, and all claims against him, are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

**B.     Remaining Claims and Defendants**

Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the court finds that, at this early stage of the proceeding, a response to the complaint by the remaining defendants is necessary. In so ruling, the court expresses no opinion as to whether Pilgrim's remaining claims can withstand a properly filed motion to dismiss or for summary judgment.

Pilgrim is advised that the United States Marshals Service cannot effect service on a "Doe" defendant. In the event that Pilgrim wishes to pursue any claims against a Doe defendant, he must take reasonable steps to ascertain the identity of that defendant. Upon learning the identity of a Doe defendant, Pilgrim must amend his complaint to properly name him or her as a defendant.  If Pilgrim fails to ascertain the identity of any Doe defendant so as to permit the timely service of process, this action will be dismissed as against that individual.

### IV. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Pilgrim's *in forma pauperis* application (Dkt. No. 2) is granted;[6] and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility designated by Pilgrim as his current location with a copy of Pilgrim's authorization form, and notify the official that this action has been filed and that Pilgrim is required to pay to the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court shall provide a copy of Pilgrim's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that defendant Meskunas, and all claims against him, are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with a copies of the complaint, to the United States Marshal for service upon the remaining defendants. The Clerk shall forward a copy of the summons and

---

[6] Pilgrim should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

12

complaint by mail to the New York State Attorney General's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to Pilgrim's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

**ORDERED** that Pilgrim take reasonable steps through discovery to ascertain the identity of the Doe defendant listed in the complaint, and, if appropriate, file a motion to amend his complaint seeking permission to add such individual, by name, as a defendant to this lawsuit; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.** Pilgrim must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District

13

of New York in filing motions.  **Pilgrim is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the court; and it is further

**ORDERE**D that the Clerk serve a copy of this Decision and Order on Pilgrim by regular mail.

**IT IS SO ORDERED.**

February 22, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court