**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PRINCE PILGRIM,**

       **Plaintiff,**       **9:11-cv-1331
                     (GLS/DEP)**

    v.

**JOHN DOE et al.,**

       **Defendants.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Prince Pilgrim
Pro Se
92-A-8847
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN  JOSHUA E. MCMAHON
New York State Attorney General   KRISTEN M. QUARESIMO
The Capitol           Assistant Attorneys General
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Prince Pilgrim commenced this action against

defendants Ted Meskunas, Institutional Steward; an unidentified John Doe defendant; and Mr. Drown, Commission Hearing Officer, pursuant to 42 U.S.C. § 1983, alleging, among other things, retaliation and due process violations. (*See generally* Compl., Dkt. No. 1.) After Meskunas was dismissed from this action, (Dkt. No. 8), and it became apparent that Drown was, in fact, deceased, Magistrate Judge David E. Peebles *sua sponte* ordered the substitution of the Estate of Curtis Drown, (Dkt. No. 35).

On September 11, 2013, the Estate filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6). (Dkt. No. 41.) In an August 12, 2014 Report, Recommendation, and Order (R&R), Judge Peebles recommended that the Estate's motion to dismiss be denied. (Dkt. No. 49.) Pending are the Estate's objections to the R&R. (Dkt. No. 50.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background[1]

---

[1] The underlying facts, though not particularly relevant to the Estate's objections, are summarized briefly as follows. Pilgrim, an inmate currently held in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), received an order directing his transfer from the Clinton Correctional Facility, where he was housed at the time his claims arose, to the Clinton Annex. (Compl. at 9.) Pilgrim claims that the transfer order was retaliatory, and that it was issued in response to a grievance that he previously filed. (*Id.*) Pilgrim refused to comply with the transfer order, and was then issued a misbehavior report. (*Id.*) Thereafter, a hearing was held in connection with the misbehavior report. (*Id.* at 10-11.) Pilgrim alleges that, at the hearing, which was conducted by Drown, his due process rights were violated. (*Id.* at 11.)

2

Given that the Estate's objections primarily relate to the procedural history of this case, it is necessary to provide a more in-depth explanation of how this litigation has progressed to date. To begin, Pilgrim's complaint was filed on November 10, 2011, (*see generally* Compl.), and, as noted above, one named defendant, Meskunas, was dismissed from this action after this court's initial review of the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, (Dkt. No. 8). After the summons was issued, it was discovered that the other named defendant, Drown, had passed away prior to Pilgrim's commencement of the action, and, therefore, the summons was never served upon him. (Dkt. No. 13.)

In light of the discovery that Drown was deceased, and the fact that the only other remaining defendant could not be identified, Judge Peebles issued a text order, on October 30, 2012, directing Pilgrim to file a status report on or before November 20, 2012 indicating whether he intended to proceed with the action. Pilgrim never responded. Faced with this peculiar procedural posture, on November 30, 2012, Judge Peebles issued a text order *sua sponte* joining Thomas LaValley, Superintendent of Clinton Correctional Facility, to the action solely to assist Pilgrim in identifying the Doe defendant.

The docket reflects no mention of Drown for the next four months. Then, during an April 17, 2013 conference, Judge Peebles, among other things, discussed with Pilgrim "the options he has available to ascertain the identity of [Drown's] Estate." On May 31, Pilgrim filed a motion to compel, and, in the cover letter, stated that he was "unable to execute the requirements of FRCP Rule 25 (sic)" because he could not ascertain the necessary information regarding Drown's Estate, if any, and further requested the court's assistance in obtaining this information. (Dkt. No. 28, Attach. 1.) In response, Judge Peebles issued an order directing defendants' counsel to determine whether DOCCS possessed information concerning Drown's estate, and, if so, further directing defendants' counsel to provide that information to Pilgrim. (Dkt. No. 31.) Defendants' counsel then obtained and furnished the relevant information regarding the Estate, and Judge Peebles, on July 12, 2013, *sua sponte* ordered the substitution of the Estate, and directed the clerk to issue a summons to the Estate. (Dkt. No. 35.)

A summons was issued to the Estate, (Dkt. No. 36), and the Attorney General's office filed a notice of appearance on behalf of the Estate, (Dkt. No. 37). In lieu of an answer, the Estate moved to dismiss the complaint,

arguing that Pilgrim failed to state a claim, and that personal jurisdiction was lacking. (Dkt. No. 41.) In his R&R, Judge Peebles recommended that the motion to dismiss be denied. (Dkt. No. 49.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

In this Circuit, the onus is on the district court to liberally interpret *pro se* filings and read them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006). Unfortunately, however, in faithfully executing this dictate, the line between arbiter and advocate sometimes becomes blurred, no matter how earnestly a judge endeavors to remain neutral. And the result can be dangerous: relaxing—and sometimes disregarding—the rules for *pro se* plaintiffs leads to mulligans, delays, and errors, often to the detriment of the represented party. This case is a perfect example.

With those thoughts in mind, the court now turns to the issues and objections raised by the Estate here. Ultimately, while this court may have done things differently at various points throughout this litigation, the R&R itself is legally sound, and is adopted in its entirety.

### A. **The Estate's Motion to Dismiss and the R&R**

In its motion to dismiss, the Estate argues that: (1) the complaint should have been dismissed as against Drown based upon the failure to effectuate service upon him within 120 days of commencement of the action; (2) the court improvidently invoked Fed. R. Civ. P. 25(a) to substitute the Estate; and (3) even if the complaint were considered to be amended, rather than parties substituted pursuant to Rule 25, Pilgrim's claims against the Estate are untimely under the statute of limitations. (Dkt. No. 41, Attach. 2 at 6-10.)

As to the Estate's first point, Judge Peebles noted that, because Drown died prior to the commencement of the action, the summons was not served on him within the requisite time period, and, further, Drown was never made a party to the action. (Dkt. No. 49 at 6-7.) Judge Peebles further noted that, "[t]he appropriate recourse, had it been sought, would have been to dismiss . . . Drown from the lawsuit without prejudice," but "[b]ecause . . . Drown was deceased, . . . that relief did not seem either necessary or appropriate." (*Id.* at 7.) In any event, Judge Peebles observed, the summons that made the Estate a party to the action was issued on July 12, 2013, the Attorney General appeared on behalf of the Estate, and the Estate did not contend that the service of that summons was untimely. (*Id.*) Accordingly, Judge Peebles concluded, untimely service of the summons does not provide a basis for dismissal of this action as against the Estate. (*Id.*)

As to the Estate's second point, Judge Peebles conceded that, because Drown was never a party to the action, substitution was inappropriate under Rule 25. (*Id.* at 8-9.) Judge Peebles noted that "[t]he better approach would have been for the court to construe [Pilgrim]'s letter request, [filed on May 30, 2013, (Dkt. No. 28, Attach. 1)], as a motion for

7

leave to amend and join an additional party." (*Id.* at 9.) Judge Peebles then recommended that the court construe his text order, dated July 12, 2013—which ordered substitution of the Estate—as effectively having granted Pilgrim leave to amend his complaint and join the Estate as a party as of that date. (*Id.*)

Finally, in response to the Estate's third point, Judge Peebles concluded that, at the time that he "effectively" granted Pilgrim's request to amend, on July 12, 2013, the claims against the Estate were still timely. (*Id.* at 10-13.) The statute of limitations for a § 1983 action in New York is three years, but because Drown was deceased, the statute of limitations was tolled by eighteen months after Drown's death; this required that eighteen months be added to the statute of limitations. (*Id.* at 11-12 (citing N.Y. C.P.L.R. §§ 210(b), 214(5); *Connolly v. McCall*, 254 F.3d 36, 40-41 (2d Cir. 2001); *Glamm v. Allen*, 57 N.Y.2d 87, 95 (1982).) The hearing over which Drown presided ended on January 12, 2009. (*Id.* at 11.) Thus, adding eighteen months to the three-year statute of limitations pursuant to N.Y. C.P.L.R. § 210(b), Pilgrim's claims against the Estate are timely if interposed on or before July 12, 2013. (*Id.* at 12-13.) Because the court's

July 12, 2013 text order "effectively granted" Pilgrim's request to amend, Judge Peebles concluded that Pilgrim's claims are timely. (*Id.*)

B. **The Estate's Objections and Discussion Thereof**

In its objections, the Estate, understandably, expresses frustration with how this litigation has progressed. Indeed, the Estate states that, after Pilgrim failed to respond to Judge Peebles' October 30, 2012 text order directing him to indicate whether he wished to proceed with the litigation in light of the fact that Drown is deceased, counsel for defendants "operat[ed] under the presumption that the claims against . . . Drown had been constructively dismissed." (Dkt. No. 50 at 3.) Drown was not, however, ever officially dismissed, and, as Judge Peebles noted in his R&R, defendants never sought dismissal. (Dkt. No. 49 at 7.) At best, then, most of the Estate's "objections" are merely general gripes with the procedural history of this case, and—while perhaps justified—are unrelated to the R&R, and do not warrant *de novo* review.

The Estate also objects to one portion of the R&R itself; specifically, the Estate objects to the portion of the R&R which construed the July 12, 2013 text order as "'effectively having granted [Pilgrim] leave to amend his complaint.'" (Dkt. No. 50 at 4 (quoting Dkt. No. 49 at 9).) The Estate

claims that, because its motion to dismiss "has as its foundation a challenge to the applicability of Rule 25(a)," "[t]he internal inconsistency created by an Order that undertakes to decide a motion by simultaneously nullifying the very thing that rendered a decision necessary in the first place is apparent on its face." (*Id.*)  The Estate further claims that Judge Peebles' recommendation denied it due process.  (*Id.* at 4-5.)

Although Judge Peebles' *post hoc* construction of an order is certainly unusual, the Estate has cited no authority indicating that the recommendation is improper.  Instead, the Estate appears to argue that: (1) it was "internally inconsistent"; and (2) it was denied due process, either because it should have had an opportunity to respond to Pilgrim's motion to amend, or it should have had an opportunity to respond to the pleading. (*Id.* at 4-5.)  Neither of the Estate's points are persuasive.

First, Judge Peebles' recommendation does not, as the Estate suggests, effectively moot its motion to dismiss.  Indeed, in its memorandum of law in support of its motion to dismiss, the Estate itself contemplated the possibility that Pilgrim could have filed a motion to amend instead of a motion to substitute, as evidenced by its discussion of the statute of limitations. (Dkt. No. 41, Attach. 2 at 7-10.)  With respect to the

10

Estate's second point, the Estate was not a party to the action when Pilgrim filed the motion, and, therefore, would not have been permitted to file a response to that motion. (Dkt. No. 28, Attach. 1; Dkt. Nos. 36, 37.) Further, the Estate *did* have an opportunity to respond to the pleading, as evidenced by its motion to dismiss in lieu of an answer. (Dkt. Nos. 37, 41.) Moreover, in light of the denial of its motion to dismiss, the Estate will have another opportunity to respond to the complaint.

Ultimately, it is clear that, after he candidly acknowledged his mistake in ordering substitution pursuant to Fed. R. Civ. P. 25, rather than amendment, Judge Peebles endeavored to right the ship, and, in doing so, ensure that a *pro se* plaintiff was not prejudiced by judicial error. Therefore, it is appropriate to construe Judge Peebles' July 12, 2013 text order as one granting leave to amend, rather than ordering substitution. Having reviewed the remainder of the R&R for clear error, and finding none, the court adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' August 12, 2014 Report, Recommendation, and Order (Dkt. No. 49) is **ADOPTED** in its

entirety; and it is further

**ORDERED** that the Estate's motion to dismiss (Dkt. No. 41) is **DENIED**; and it is further

**ORDERED** that the parties contact Magistrate Judge David E. Peebles to schedule further proceedings in this matter; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 29, 2014
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court